# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 404-138 |
| | ) | |
| MICHAEL HUBBARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Michael Hubbard's Motion for Reconsideration (Doc. 21). For the reasons discussed herein, the Motion is **DENIED**.

Defendant Hubbard was indicted and charged as follows: Count 1, Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1); Count 2, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count 3, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Doc. 1). Pursuant to a plea agreement, Hubbard plead guilty to Counts 1 & 2, and Count 3 was dismissed (Doc. 15). The Court sentenced Defendant Hubbard to a total term of 102 months' imprisonment as to each of Counts 1 and 2, to be served concurrently (Doc. 16).

The sentence as to Count 1 recently came before the Court for reevaluation pursuant to amendments to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). On November 1, 2007, the Guidelines were amended to lower the penalties

for most offenses involving cocaine base (commonly referred to as crack cocaine) offenses. The Sentencing Commission voted to apply the crack amendments retroactively to cases sentenced before November 1, 2007. The Commission also modified U.S.S.G. §1B1.10, the Guideline concerning the retroactive application of amendments.

After the above reforms were implemented, this Court, with the assistance of the Probation Office, reassessed each sentence possibly impacted, including Defendant Hubbards's. Pursuant to 18 U.S.C. § 3582(c)(2), the statute governing reduction of sentences based on retroactive amendments, the Court considered the sentencing factors enumerated in 18 U.S.C. § 3553(a), and the provisions of U.S.S.G. §1B1.10. Under this rubric, the Court declined to reduce Hubbard's original sentence, which fell within the applicable Amended Guideline Range (Doc. 20). The Court has previously considered the factors emphasized in Hubbard's Motion for Reconsideration, has reconsidered them upon Defendant's currently-pending Motion, and again finds the original 120-month sentence to be appropriate.[1] Accordingly, Defendant's Motion for Reconsideration (Doc. 21) is **HEREBY DENIED**.

**SO ORDERED.**

*[signature]*

JOHN F. NANGLE
**UNITED STATES DISTRICT JUDGE**

Dated: June 23, 2008

---

[1] The Court notes that, regardless of the result on Defendant's crack cocaine charge and sentence, his total term of imprisonment would remain 120 months, as his sentence for Count 2 would remain unchanged.